›

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JONES,<br><br>   Plaintiff,<br><br>   v.<br><br>D. WOODWARD, et al.,<br><br>   Defendants. | Case No.: 1:14-cv--2084-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, AND DIRECTING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>[ECF Nos. 6, 7] |

Plaintiff Antonio Jones is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the initial complaint on December 30, 2014.

Now pending before the Court is Plaintiff's motion for leave to amend the complaint, and a first amended complaint, filed February 17, 2015. (ECF Nos. 6, 7.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is
2  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
5  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally
6  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
7  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

8  Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
9  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
10 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
11 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
12 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
13 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
14 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
15 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
16 U.S. at 678; Moss, 572 F.3d at 969.

### A. Plaintiff's Motion to Amend Complaint

Plaintiff may amend once as a matter of right before service of a responsive pleading by defendants.  Fed. R. Civ. P. 15(a).  Plaintiff has not previously amended his complaint and no defendants have filed a responsive pleading.  Although Plaintiff's motion is unnecessary, the Court hereby grants the motion, and the Court will herein screen Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff suffered atypical and significant hardship based on a false report leading to false charges in violation of the Fourteenth Amendment of the United States Constitution.  Defendant D. Woodward brought false charges against Plaintiff for conspiracy to introduce and distribute a controlled substance into Corcoran State Prison.  Woodward used unsubstantiated information in his

investigation indicating Plaintiff approved visitor M. Cespuglio to bring drugs into the prison packed in small bindles for Plaintiff to swallow.  Woodward further alleged that Cespuglio would place the bindles in her mouth and pass them to Plaintiff while they kiss.  Plaintiff never received any drugs and Cespuglio never brought drugs to Corcoran State Prison on or before February 15, 2014.  In fact, on February 15, 2014, Plaintiff had no idea his visitor was going through security measures to ensure no drugs were found.  Plaintiff was in his cell during the time his visitor was searched and was subsequently taken by Lieutenant A.M. Gonzales to the administrative segregation unit for several months.  According to Chief Deputy Warden M. Jennings, no confidential information was used in the adjudication of the rules violation report.

At the rules violation hearing, Plaintiff asked for a recording to be played which contained a statement by his approved visitor to present as mitigating evidence.  The hearing officer, Lieutenant Marsh, refused to listen to the statement and Plaintiff was found guilty.  There was no evidence that Plaintiff conspired to introduce drugs into the prison or sell them.

Lieutenant Torres allowed his subordinate to proceed with the false charges against Plaintiff.  Plaintiff filed a grievance on July 2, 2014, which was fully granted and the rules violation report was dismissed.

### III.

### DISCUSSION

**A.     False Charges and Placement in the Administrative Segregation Unit**

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue.  The Constitution demands due process, not error-free decision-making.  See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

Further, a prisoner's right to due process in connection with placement in administrative segregation arises only when such segregation implicates a protected liberty interest in some

unexpected manner, or imposes an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1995)).

Here, Plaintiff objects solely to the fact of his placement in administrative segregation for several months after being charged with a disciplinary violation which was subsequently dismissed. Plaintiff fails to state a cognizable claim for relief based on such allegations. See, e.g., Sandin, 515 U.S. at 485-486 (finding prisoners thirty-day placement in disciplinary segregation did not result in type of atypical, significant deprivation for which state might create liberty interest); Resnick v. Hayes, 213 F.3d 443, 448-449 (9th Cir. 2000) (finding prisoner's seventy-day placement in secured housing unit pending disciplinary hearing did not give rise to liberty interest); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (holding allegation of placement in administrative segregation does not state due process claim); see also Hewitt v. Helms, 459 U.S. 460, 468 (1983) ("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.").

Based on the above, Plaintiff fails to state a claim for relief based on allegations of false charges and placement in administrative segregation.

**B.     Due Process During Rules Violation Hearing**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id**.** at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515

U.S. 472. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

Here, Plaintiff claims that he was not allowed to present certain evidence and there was no evidence to support the finding of guilt of conspiracy to introduce and/or sell contraband within the prison. Based on Plaintiff's allegations, Plaintiff states a cognizable claim against Defendant Lieutenant Marsh.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable due process claim against Defendant Marsh. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the due process claim against Defendant Marsh, Plaintiff may so notify the Court in writing, and the Court will dismiss the other the other claim and Defendant, and will forward Plaintiff one (1) summons and one (1) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is

5

not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is granted;
2. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Marsh for a due process violation; and

///

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **March 5, 2015**

UNITED STATES MAGISTRATE JUDGE